UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LUIS OLIVARES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:18-CV-05012-JLV<br><br>ORDER |

Petitioner, Luis Olivares, an inmate at the United States Penitentiary, Coleman II, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Pending before this court are the following docket entries: Docket numbers 1, 4, 11, 12, 17, 18, 19, 23, 27, 28, 29, 30, 32, 34, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 50, 52, 53, 54, 55, 57, 58, 59, 60, 61 and 62. The pending matters were referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## **FACTUAL BACKGROUND**

Petitioner was tried in the United States District Court for the District of South Dakota Western Division and was found guilty of Counts 1 through 5 and Count 9 of the Indictment, which charged the following, respectively: Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851; Possession of a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); Felon in Possession of

a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Fugitive in

Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2);

Possession with Intent to Distribute a Controlled Substance in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851; and Distribution of a Controlled

Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. United

States v. Olivares, 10-cr-50118-JLV (D.S.D. 2015) (Doc. 1166).  Petitioner was

committed to the custody of the United States Bureau of Prisons to be

imprisoned for a total term of: "Counts 1 and 5: Life on each count, to run

concurrent to Counts 3, 4, and 9; Count 2: 5 years, consecutive to all other

counts; and Counts 3, 4, and 9: 10 years on each count, to run concurrent to

Counts 1 and 5." Id.

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals,

which affirmed his sentence on December 30, 2016.  Petitioner's sentence,

therefore, became final 90 days later, after his appeal deadline to the Supreme

Court of the United States ran out, on March 30, 2017.  Petitioner timely filed a

pending § 2255 habeas petition, which was received by the courthouse on

February 1, 2018. (Doc. 1).  However, his habeas petition was not filed using

the proper form, but instead, was submitted hand-written on a one-page piece

of legal pad paper.  That same day, the Clerk of Courts opened the pending

case file for Petitioner and sent him a letter with the correct § 2255 form.  (Doc.

2).  Instead of filing a habeas petition with the proper form, Petitioner instead

filed his first supplement, a twenty-four page document, to his habeas petition

on April 16, 2018, which was comprised of newspaper clippings, printed case

2

law, and hand-written notations crammed in the margins of the documents.
(Doc. 4).

Magistrate Judge Veronica L. Duffy ordered Petitioner to complete a
proper § 2255 form and return the same by June 19, 2018. (Doc. 6). In the
interim, Petitioner filed a Motion for Continuance (Doc. 7) and a Motion for
Documents (Doc. 8), both of which were denied by Judge Duffy. (Docs. 9, 10).
In her Order denying the Motion for Continuance, Judge Duffy warned
Petitioner that if he failed to fully complete and file the proper form by June 19,
2018, that his case would be dismissed. (Doc. 9). On May 15, 2018, the court
received a second supplement by Petitioner, an eleven-page document, which
again failed to use the proper form. (Doc. 11). This supplement again included
printed documents with hand-written notations crammed in the margins.
(Doc. 11). The supplement further included a copy of Judge Duffy's Order
requiring Petitioner to use the proper form at Docket Entry 6, with hand-
written notations requesting Judge Duffy's recusal on his habeas case due to
her standing as a party in a separate complaint initiated by Petitioner. Id. The
supplement also included hand-written notations on the copy of the Order
which stated Judge Duffy's Order requiring Petitioner to fully complete the
proper § 2255 form no later than June 19, 2018 "violates [his] constitutional
rights" and further states Judge Duffy "can 'not' order [him] to do 2255 without
the help assistance of an attorney." Id.

On June 11, 2018, the court received a third supplement from Petitioner,
which was the first to use the proper § 2255 form. (Doc. 12). On June 12,

3

2018, Judge Duffy filed an Order of Recusal, and the case was subsequently reassigned to the undersigned Magistrate Judge. (Doc. 15). On August 2, 2018, the court received a fourth supplement form Petitioner, which was forty pages in length, and again, did not use the proper form. (Doc. 17). This supplement, like the others, includes newspaper clippings and printed documents with hand-written notations crammed in every free space of the margins. Id. On November 5, 2018, Petitioner filed a forty-six-page motion requesting the court to take judicial notice of the attached documents. (Doc. 18). On January 14, 2019, Petitioner filed a fifth supplement titled as a "requisite affidavit" which was ten pages in length and included more news articles and hand-written notes, as well as a request for the undersigned Magistrate Judge to recuse herself. (Doc. 19). On October 29, 2019, this court filed an Order for Service, directing the United States to respond to Petitioner's habeas claims. (Doc. 20). On November 25, 2019, Respondent filed a Motion to Strike docket entries 4, 11, 17, 18, and 19, for failure to comply with the local rules. (Docs. 23, 24).

On November 25, 2019, Petitioner filed a motion for appointment of counsel. (Doc. 27). On the same day, the court received a three-page "Motion 2255 Ineffective Assistance of Counsel" from Petitioner which serves as a sixth supplement to his underlying habeas claim. (Doc. 28). Additionally, on November 25, 2019, Petitioner filed an ex parte motion for court documents and records. (Doc. 29). On the same day, Petitioner also filed a seventh supplement, which totaled eighty-three pages in length, and again, does not

4

use the proper form and includes hand-written notations in the margins of printed documents and news articles. (Doc. 30). On November 26, 2019, Respondent filed a Motion for Extension of Time to File Answer, pending the resolution of its Motion to Strike. (Doc. 32). On October 21, 2020, Petitioner filed a motion for appointment of counsel. (Doc. 34).

Petitioner filed an eighth supplement on February 9, 2022, which totaled seventeen pages in length, and did not use the proper form. (Doc. 36). On February 18, 2022, Petitioner filed a motion to correct a misspelled last name regarding Count Nine of the eighth supplement wherein he filed a revised page and filed one additional page to the eighth supplement. (Docs. 37, 38).

Petitioner filed another motion for appointment of counsel on February 22, 2022. (Doc. 39). On March 15, 2022, Petitioner filed a motion requesting an evidentiary hearing. (Doc. 40). Petitioner filed a second motion requesting an evidentiary hearing on April 4, 2022. (Doc. 42). On April 13, 2022, Petitioner filed a motion to compel discovery for an evidentiary hearing, a motion entitled "Rule 35 for Evidentiary Hearing" but the body of said motion requests the disclosure of documents, and a motion entitled "Compel trial and Mental Evaluation Hearing Transcripts for Evidentiary Hearing." (Docs. 43, 44, 45). On April 19, 2022, Petitioner filed a motion for jury demand and for evidentiary hearing. (Doc. 46).

Petitioner filed motions for subpoenas for an evidentiary hearing for Judge Duffy on April 19, 2022 (Doc. 47), Judge Viken on April 25, 2022 (Doc. 48), Attorney Angela Colbath on May 3, 2022 (Doc. 50), United States Attorney

5

Kathryn Rich on May 4, 2022 (Doc. 52), former United States Attorney Mark Vargo on May 5, 2022 (Doc. 53), DEA Agent J.C. Sally on May 6, 2022 (Doc. 54), and the Director of the FBI in office on February of 2010 on May 9, 2022 (Doc. 55).

On May 10, 2022, Petitioner filed motions for subpoenas for Tori Walker's Web Page and the United States Department Investigation ID 2878258 (Doc. 57). On the same day, Petitioner also filed a motion to compel DEA laboratory purity results. (Doc. 58).

Finally, Petitioner filed additional motions on May 11, 2022, for subpoenas for an evidentiary hearing for Pennington County jail records and camera footage as well as for Commander Yantis, Commander Rowen Hurst, Commander Woods, and Commander Greer (Doc. 59); on May 12, 2022, for DCI UNET's command center internet transmissions, vouchers from all attorneys, DEA lab test results regarding purity and street value of methamphetamine, 2012 US Department of Justice Investigation, Jameson Prison release documents (Doc. 60), traffic stop video, the national archives under President Obama, and for South Dakota Highway Patrol Sergeant Miller (Doc. 61); and on May 16, 2022, for former Public Defender Gary Colbath (Doc. 62).

## DISCUSSION

### I.   Docket Entry 1: Original § 2255 Habeas Petition

The Local Rules for the District of South Dakota provide as follows:

> Petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254
> and 28 U.S.C. § 2241, motions to vacate sentence pursuant to 28

U.S.C. § 2255, and applications to proceed in forma pauperis must be signed and legibly written or typewritten on forms prescribed by the court and in accordance with the instructions provided with the forms unless the court finds, in its discretion, that the petition, motion, or application is understandable and that it substantially conforms with federal and local requirements for such actions. Copies of the relevant forms and instructions will be provided by the clerk of court upon request.  The court may strike or dismiss petitions, motions, or applications that do not conform substantively or procedurally with federal and local requirements for such actions.

D.S.D. Civ. LR 83.8(A). See also Rules Governing § 2255 Proceedings, Rule 2 ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Petitioner's original habeas petition at Docket Entry 1 does not comply with the local rules. The petition is not written on the prescribed form for a § 2255 petition, nor does it comply with the substantive requirements of the form, in that, it does not provide sufficient information about Petitioner's underlying criminal case, appeals, other habeas relief, and does not enumerate the specific grounds for relief and clearly state whether those grounds were raised on direct appeal, and if not, why those grounds are being raised for the first time on habeas review. Furthermore, the document is not legibly written. Although the court liberally construes pro se documents, pro se litigants are not absolved the responsibility of complying with the local rules. The court, therefore, in its discretion, finds the petition does not substantially conform to the requirements and strikes the petition at Docket Entry 1. Respondent need not respond to or address the merits of Docket Entry 1.

## II. Docket Entry 4: Petitioner's First Supplement

Petitioner was provided with a copy of the permitted § 2255 form by the Clerk of Courts. (Doc. 2). Instead of using the provided form, Petitioner filed his first supplement, a twenty-four-page document that does not comply with Local Rule 83.8. (Doc. 4). The supplement includes printed documents and newspaper clippings with non-legible handwriting crammed in nearly every free space of the margins, both vertically and horizontally. The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 4.[1] Respondent need not respond to or address the merits of Docket Entry 4.

## III. Docket Entry 11: Petitioner's Second Supplement

On April 19, 2018, Judge Duffy ordered Petitioner to complete and file the proper § 2255 form by June 19, 2018. (Doc. 6). On May 7, 2018, in an order denying Petitioner's Motion for a Continuance, Judge Duffy again warned Petitioner that failure to fully complete and file the proper § 2255 form by June 19, 2018, would result in dismissal of his case. (Doc. 9). In blatant disregard

---

[1] On the docket sheet, Docket Entry 4 is titled as follows: "Supplement to 1 Motion to Vacate, Set Aside or Correct Sentence pursuant to 28:2255 and MOTION to Appoint Counsel, MOTION to Change Venue and MOTION for Recusal by Luis Olivares." To the extent the filing is requesting appointment of counsel, such a request is denied. See *infra* Section IX. To the extent the filing is requesting a change of venue, such a request is denied. Petitioner was tried and convicted in the United States District Court for the District of South Dakota Western Division. United States v. Olivares, 10-cr-50118-JLV (D.S.D. 2015). Thus, habeas review in the same district is proper. See Rules Governing § 2255 Proceedings, Rules 3-4. To the extent the filing is seeking recusal of Judge Duffy, as it was filed while Judge Duffy was still appointed as the magistrate referral, such a request is denied as moot. See (Doc. 15).

of both orders, Petitioner filed a second supplement, which was received by the court on May 15, 2018, and like the first supplement, did not comply with Local Rule 83.8. (Doc. 11). Petitioner's second supplement again includes illegible handwriting crammed in every free margin of the eleven-page document. Id. The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 11.[2] Respondent need not respond to or address the merits of Docket Entry 11.

## IV. Docket Entry 12: Petitioner's Third Supplement (The Only Properly Construed § 2255 Habeas Petition)

On June 11, 2018, the court received a third supplement from Petitioner, which was the first supplement to use the proper § 2255 form. (Doc. 12). Because Petitioner submitted the proper form by the June 19, 2018, deadline, the court construes Docket Entry 12 as the only proper § 2255 habeas petition. The court is aware that Petitioner's claims in Docket 12 may differ from his first habeas petition at Docket Entry 1, as well as his first and second supplements at Docket Entries 4 and 11. However, the court has provided Petitioner with ample time, and has warned him on two separate occasions, that failure to use the proper form and to fully complete the § 2255 habeas

_____

[2] On the docket sheet, Docket Entry 11 is titled as follows: "Supplement re 1 Motion to Vacate/Set Aside/Correct Sentence (2255) MOTION for Discovery, Renewed MOTION to Appoint Counsel and MOTION for Hearing by Luis Olivares." To the extent the filing is seeking discovery, such a request is denied. See infra Section XI. See also (Doc. 10). To the extent the filing is seeking appointment of counsel, such a request is denied. See infra Section IX. To the extent the filing is seeking a hearing, such a request is denied at this time. See infra Section IX. The court, at this time, does not believe an evidentiary hearing is warranted. See Rules Governing § 2255 Proceedings, Rule 8.

form would result in dismissal of his case. See (Docs. 6, 9). As this court noted *supra*, while the court liberally construes pro se documents, pro se litigants are not absolved the responsibility of complying with the local rules and from complying with orders of the Court. Any claims not included in Petitioner's § 2255 proper habeas petition Docket Entry 12 have been omitted by his own volition, and therefore, will not be considered on the merits. Respondent shall respond to and address Docket Entry 12 on the merits.

## V.    Docket Entry 17: Petitioner's Fourth Supplement

On August 2, 2018, the court received a fourth supplement from Petitioner. (Doc. 17). This supplement, like the first two, fails to comply with Local Rule 83.8 due to its failure to substantially comply with the substance of the permitted form, as well as the ineligible handwriting in the margins of newspaper clippings and other documents. Finally, even if the supplement had complied with the Local Rules, the supplement was in violation of Judge Duffy's Order, as it was filed after the June 19, 2018, deadline. (Docs. 6, 9). The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 17. Respondent need not respond to or address the merits of Docket Entry 17.

## VI.    Docket Entry 18: Petitioner's Motion for Judicial Notice

On November 5, 2018, Petitioner filed a forty-six-page motion requesting the court to "take judicial notice of adjudicative facts to appendices in appendix

10

presented herewithin under Article II., Rule 201 of the FED. R. CRIM. P.[3] in Criminal Action No. CR-10-0118 in the interest of justice." [sic] (Doc. 18 at p. 1). Specifically, Petitioner requests this court take judicial notice of documents from his underlying criminal case as well as case law and portions of the Federal Rules of Criminal Procedure. The court notes first and foremost that Petitioner's forty-six-page motion, is in blatant violation of D.S.D. Civ. LR 7.1(B)(1), which prohibits briefs in excess of 30 pages "excluding table of contents and/or authorities, certificate of service, if applicable, and attachments unless prior approval has been obtained from the court."

Pursuant to Federal Rule of Evidence 201, "[t]he court *may* judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (emphasis added). Specific details of Petitioner's case may well be in dispute as it pertains to his underlying habeas claim. Respondent has not yet had the opportunity to respond to Petitioner's habeas petition. Therefore, the court, in its discretion, denies Petitioner's request to take judicial notice of any adjudicative facts from Petitioner's case at this time.

To the extent Petitioner requests this court take judicial notice of the Federal Rules of Criminal Procedure and the holdings of case law, neither is

---

[3] The court construes this request pursuant to Federal Rule of Evidence 201, not pursuant to the Federal Rules of Criminal Procedure.

classified as an "adjudicative fact" and is, therefore, an improper request under FED. R. EVID. 201.  See FED. R. EVID. 201 (providing advisory committee notes which define adjudicative facts as "simply the facts of the particular case."). Petitioner's Motion at Docket Entry 18 is denied.

## VII.   Docket Entry 19: Petitioner's Fifth Supplement Titled as a Requisite Affidavit

On January 14, 2019, the court received a "requisite affidavit" which is ten pages in length. (Doc. 19).  The first page requests the undersigned Magistrate Judge to recuse herself because she was the magistrate referral on Petitioner's underlying criminal case. Id. at p. 1.  The second page requests documents from the Clerk of Courts. Id. at p. 2.  The remaining eight pages is a newspaper article from the Rolling Stone. Id. at p. 8-10.

To the extent Docket 19 is a Motion for Recusal, Petitioner's request for the undersigned's recusal is denied.  The undersigned's involvement as the magistrate referral in Petitioner's underlying criminal case is not cause for recusal.  On the contrary, the Rules Governing § 2255 Proceedings mandate a habeas petition be reviewed by the judge assigned to the underlying criminal case, when available. See Rules Governing § 2255 Proceedings, Rule 4 ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.  If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.").  Although Rule 4 is referencing the trial judge assigned to the underlying criminal case and does not mandate the

12

same magistrate referral be assigned, the purpose of the rule implies the strong preference for judges who are familiar with the underlying criminal case to be assigned to the subsequent habeas case.

To the extent that Petitioner's "requisite affidavit" at Docket Entry 19 is intended to serve as a supplement to his § 2255 habeas petition, the documents were filed after the June 19, 2018, deadline and do not conform to D.S.D. Civ. LR 83.8. The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 19. Respondent need not respond to or address the merits of Docket Entry 19.

## VIII. Docket Entry 23: Respondent's Motion to Strike Pleadings

Respondent filed the pending Motion to Strike Pleadings. (Docs. 23, 24). Respondent moves this court to strike docket entries 4, 11, 17, 18, and 19 for failure to comply with the local rules. (Doc. 23). As noted *supra*, this court agrees that Petitioner has failed to comply with the local rules as to docket entries 4, 11, 17, 18, and 19. Respondent's Motion to Strike Pleadings is granted in full.

## IX. Docket Entry 27: Petitioner's Motion for Counsel

Petitioner filed a Motion for Appointment of Counsel requesting the court to appoint counsel of Petitioner's choosing. (Doc. 27). While Petitioner is certainly permitted to hire his own legal counsel, "[t]here is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

13

Because a habeas action is civil in nature, the Sixth Amendment right to

counsel which is applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is

found at 18 U.S.C. § 3006A(a)(2)(B) and Rules Governing § 2255 Proceedings,

Rules 6(a) & 8(c). Those statutes provide in relevant part:

### 18 U.S.C. § 3006A(a)(2)(B):

(2) Whenever the United States magistrate judge or the court
determines that the interests of justice so require,
representation may be provided for any financially eligible
person who

\*\*

(B) is seeking relief under section 2241, 2254, or 2255 of title
28.

### Rule 6(a):

If necessary for effective discovery, the judge must appoint an
attorney for a petitioner who qualifies to have counsel appointed
under 18 U.S.C. § 3006A.

### Rule 8(c):

If an evidentiary hearing is warranted, the judge must appoint an
attorney to represent a petitioner who qualifies to have counsel
appointed under 18 U.S.C. § 3006A . . . . These rules do not limit
the appointment of counsel under § 3006A at any stage of the
proceeding.

The appointment of counsel in a habeas case is discretionary when no

evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (internal citations

omitted). "In exercising its discretion, the district court should consider the

legal complexity of the case, the factual complexity of the case, and the

14

petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

Based on the claims in Petitioner's § 2255 petition (Doc. 12), the interests of justice do not warrant appointing counsel at this time. Should this court determine subsequently that Petitioner has claims which require counsel for effective discovery or the holding of an evidentiary hearing, the court will appoint counsel at that time. At the present time, the motion is premature, and accordingly, is denied, without prejudice.

## X.    Docket Entry 28: Petitioner's Sixth Supplement Titled as a Motion 2255 Ineffective Assistance of Counsel

On November 25, 2019, the court received a motion titled "Motion 2255 Ineffective Assistance of Counsel." (Doc. 28). The document is a three-page document asserting claims of ineffective assistance of counsel in relation to his underlying criminal case. Id. Despite its titling, the document is a sixth supplement to his habeas petition. The supplement does not use the permitted § 2255 form in violation of D.S.D. Civ. LR 83.8. Furthermore, it was filed after the June 19, 2018, deadline. The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 28. Respondent need not respond to or address the merits of Docket Entry 28.

## XI.    Docket Entry 29: Petitioner's Ex Parte Motion for Court Documents

On November 25, 2019, the court received a one-page document titled as an Ex Parte Motion for Court Documents. (Doc. 29). The document contains handwriting crammed in the margins of printed document which describe

15

procedure for obtaining transcripts from the Seventh Circuit.  The document also includes excerpts of case law from the following circuits: Seventh, Ninth, Eleventh, and the District of Columbia.  None of the excerpts of case law provided by Petitioner are binding on this court, as none of them are from the Eighth Circuit.  Furthermore, the Rules Governing § 2255 Proceedings are clear regarding the policy for discovery:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rules Governing § 2255 Proceedings, Rule 6.  The court finds, first and foremost, that Petitioner has not demonstrated good cause for discovery.  This is Petitioner's second request for discovery as it pertains to his habeas case.  See (Doc. 8) (requesting a complete copy of all discovery, court transcripts, and grand jury transcripts, in order for Petitioner to investigate his "fake drug conspiracy case file manufactured by dirty cop A.T.F. Derek Hill.").  Judge Duffy denied Petitioner's request.  See (Doc. 10) (holding "the court is not going to print out and mail literally thousands of pages of documents (the transcript of the pretrial conference and jury trial alone are 1,615 pages) when many of those documents may not even be relevant to Mr. Olivares' claims[.]").

16

Like his first motion for discovery, Petitioner has failed to show good cause for discovery. Petitioner has failed to show how his request for discovery is necessary as it pertains to his habeas claims. Even if he could show good cause, which he has not, Petitioner must "*specify* any requested documents." Rules Governing § 2255 Proceedings, Rule 6 (emphasis added). Petitioner's request for a copy of his co-defendant's discovery is overbroad and in violation of Rule 6. The motion is denied.

### XII.   Docket Entry 30: Petitioner's Seventh Supplement

On November 25, 2019, the court received Petitioner's seventh supplement to his § 2255 habeas petition. (Doc. 30). This supplement, like the others, is in blatant violation of the rules. First, the supplement does not use the proper § 2255 form, nor does it substantially comply with the form, in violation of Local Rule 83.8. Again, the supplement consists of printed documents, newspaper clippings, and handwriting crammed in nearly every free margin of space on the documents, which consists of 83 pages. Finally, even if Petitioner's supplement complied with the local rules, it was filed after the June 19, 2018, deadline. The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 30. Respondent need not respond to or address the merits of Docket Entry 30.

### XIII.   Docket Entry 32: Respondent's Motion for Extension of Time

Respondent requests an extension of thirty days until the court resolves its motion at Docket 23. (Doc. 32). The court, *supra*, has granted in full Respondent's Motion to Strike. Good cause appearing, the court grants

Respondent's Motion for Extension of Time.  Respondent shall have thirty (30) days from the date of this Order to file its response to Petitioner's § 2255 habeas petition at Docket Entry 12.

### XIV.  Docket Entry 34: Petitioner's Motion for Counsel

Petitioner filed a motion for appointment of counsel on October 21, 2020, requesting the court appoint counsel of Petitioner's choosing.  (Doc. 34).  As stated *supra*, based on the claims in Petitioner's § 2255 petition (Doc. 12), the interests of justice do not warrant appointing counsel at this time.  Should this court determine subsequently that Petitioner has claims which require counsel for effective discovery or the holding of an evidentiary hearing, the court will appoint counsel at that time.  At the present time, the motion is premature, and accordingly, is denied, without prejudice.

### XV.  Docket Entry 36: Petitioner's Eighth Supplement

On February 9, 2022, the court received Petitioner's eighth supplement to his § 2255 habeas petition.  (Doc. 36).  This supplement, like the others, is in violation of the rules.  First, the supplement does not use the proper § 2255 form, nor does it substantially comply with the form, in violation of Local Rule 83.8.  Finally, even if Petitioner's supplement complied with the local rules, it was filed after the June 19, 2018, deadline.  The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 36.  Respondent need not respond to or address the merits of Docket Entry 36.

18

## XVI. Docket Entries 37 and 38: Petitioner's Motion to Correct Misspelled Last Name

On February 18, 2022, the court received Petitioner's motion to correct a misspelled last name as to count nine of his eighth supplement, which included a revised page and one additional page, an affidavit, to the eighth supplement. (Docs. 37, 38). As stated *supra*, this supplement does not use the proper form, nor does it substantially comply with the form, and even if it did, the supplement was filed after the June 19, 2018, deadline. Petitioner's motion to correct misspelled last name is denied. (Doc. 37). The court, in its discretion, finds the supplement does not substantially conform to the requirements and strikes Docket Entry 38. Respondent need not respond to or address the merits of Docket Entry 38.

## XVII. Docket Entry 39: Motion for Appointment of Counsel

Petitioner filed a motion for appointment of counsel on February 22, 2022, requesting the court appoint him counsel. (Doc. 39). As noted *supra*, based on the claims in Petitioner's § 2255 petition (Doc. 12), the interests of justice do not warrant appointing counsel at this time. Should this court determine subsequently that Petitioner has claims which require counsel for effective discovery or the holding of an evidentiary hearing, the court will appoint counsel at that time. At the present time, the motion is premature, and accordingly, is denied, without prejudice.

19

### XVIII.  Docket Entries 40 and 42: Motions for Evidentiary Hearing

On March 15, 2022, Petitioner filed a motion requesting an evidentiary hearing.  (Doc. 40).  Petitioner filed a second motion requesting an evidentiary hearing on April 4, 2022.  (Doc. 42).

Rules Governing § 2255 Proceedings, Rule 8(a) provides "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  As stated *supra*, Respondent has yet to file their answer so until the answer is filed and the court reviews it, along with the other materials, the motion is premature, and accordingly, is denied, without prejudice.

### XIX.  Docket Entries 43 and 44: Motions to Compel Discovery

On April 13, 2022, the court received a one-page motion to compel discovery.  (Doc. 43).  In addition, the court received a document entitled as a motion for evidentiary hearing but the body of said motion requests disclosure of documents and investigations of the DEA, FBI and the ATF, so the court will construe said motion as a motion for discovery.  (Doc. 44).

The Rules Governing § 2255 Proceedings are clear regarding the policy for discovery:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request.  The request must also include

20

> any proposed interrogatories and requests for admission, and must
> specify any requested documents.

Rules Governing § 2255 Proceedings, Rule 6.  The court finds that Petitioner

has not demonstrated good cause for discovery.  Petitioner has failed to show

how his requests for discovery are necessary as it pertains to his habeas

claims.  Even if he could show good cause, which he has not, Petitioner must

"*specify* any requested documents."   Rules Governing § 2255 Proceedings,

Rule 6 (emphasis added).  As to Docket Entry 43, Petitioner's request for a copy

of his discovery is overbroad and in violation of Rule 6.  In addition, as to

Docket Entry 44, while Petitioner's request for documents and investigations of

the DEA, FBI and ATF specifies some requested documents, he has failed to

show how his requests are necessary as it pertains to his habeas claims.  As

such, the motions are denied.

### XX.   Docket Entry 45: Motion to Compel Transcripts

On April 13, 2022, the court received a motion requesting trial and

mental evaluation hearing transcripts.  (Doc. 45).  As discussed *supra*, the

court construes that Docket Entry 12 is the only proper § 2255 habeas petition

and the court has reviewed Docket Entry 12 to address Petitioner's motion for

transcripts.  As to Petitioner's request for trial transcripts, based on Petitioner's

claims in his petition, there is good cause for Petitioner to be provided copies of

the transcripts from the pretrial conference (Doc. 1208 in CR. 10-50118) and

the non-sealed trial transcripts (Docs. 1198, 1199, 1200, 1201, 1202, 1203,

1204, 1205 and 1206 in CR. 10-50118).  Petitioner's request for trial

transcripts is granted in part consistent with this order.  As to Petitioner's

request for mental evaluation hearing transcripts, there is no claim in Petitioner's petition relating to competency so Petitioner's request for mental evaluation hearing transcripts is denied.

### XXI. Docket Entry 46: Motion for Evidentiary Hearing

On April 19, 2022, Petitioner filed a motion for jury demand for evidentiary hearing. (Doc. 46). First, as it pertains to Petitioner's demand for a jury trial, Petitioner does not have a right to a jury trial in this case. There is no right to a jury trial in habeas corpus proceedings. 28 U.S.C. § 2243 provides that "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice requires." See also, United States v. Gillenwater, Case No. 1:11-CR-0121-LRS-1, 2017 WL 2385331, *3 (E.D. Wash. June 1, 2017) (petitioner did not have a right to a jury trial in a section 2255 habeas corpus proceeding); Brown v. Kallis, Case No. 21-cv-920, 2022 WL 1652933, *10, n.6 (D. Minn April 21, 2022) (petitioner did not have a right to a jury trial in a section 2241 habeas corpus proceeding); and Richard v. Norris, Case No. 5:09cv00087, 2009 U.S. Dist. LEXIS 71988, * 17 (E.D. Ark. July 22, 2009) (petitioner did not have a right to a jury trial in a section 2254 habeas corpus proceeding).

Next, as stated *supra*, because Respondent has not filed an answer to the petition yet and because pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, the judge must review the answer, along with other materials to determine whether an evidentiary hearing is warranted, this motion, as it

22

pertains to an evidentiary hearing, is premature and accordingly, is denied, without prejudice.

## XXII. Docket Entries 47, 48, 50, 52, 53, 54 and 55: Motions for Subpoenas for Evidentiary Hearing

On April 19, 2022, Petitioner filed a motion for subpoena for Judge Duffy for an evidentiary hearing (Doc. 47); on April 25, 2022, Petitioner filed a motion for subpoena for Judge Viken for an evidentiary hearing (Doc. 48); on May 3, 2022, Petitioner filed a motion for subpoena for Attorney Angela Colbath for an evidentiary hearing (Doc. 50); on May 4, 2022, Petitioner filed a motion for subpoena for United States Attorney Kathryn Rich for an evidentiary hearing (Doc. 52); on May 5, 2022, Petitioner filed a motion for subpoena for former United States Attorney Mark Vargo for an evidentiary hearing (Doc. 53); on May 6, 2022, Petitioner filed a motion for subpoena for DEA Agent J.C. Sally for an evidentiary hearing (Doc. 54); and on May 9, 2022, Petitioner filed a motion for subpoena for the Director of the FBI in office on February of 2010 for an evidentiary hearing (Doc. 55).

As stated *supra* in response to Petitioner's motions for evidentiary hearings, the Respondent has not filed its answer to the petition and so the court has not yet determined whether an evidentiary hearing is warranted pursuant to Rule 8. These motions for subpoenas for an evidentiary hearing are premature and accordingly, are denied, without prejudice.

## XXIII. Docket Entries 57 and 58: Motions for Subpoena and to Compel

On May 10, 2022, Petitioner filed motions for subpoenas for Tori Walker's Web Page and the United States Department Investigation ID 2878258 (Doc. 57), and a motion to compel DEA laboratory purity results. (Doc. 58).

As to Docket Entry 57, according to the Rule 6 as stated *supra*, the court finds that Petitioner has not demonstrated good cause for discovery. Petitioner has failed to show how his requests for discovery are necessary as it pertains to his habeas claims. In addition, the motion for subpoena for the United States Department Investigation ID 2878258 fails to specify requested documents are required by Rule 6. Petitioner's requests for discovery are in violation of Rule 6. Petitioner's motions are denied.

As to Docket Entry 58, the court finds that Petitioner has not demonstrated good cause for discovery. Petitioner has failed to show how his request for discovery is necessary as it pertains to his habeas claims. Petitioner's motion is denied.

## XXIV. Docket Entries 59, 60, 61, and 62: Motions for Subpoenas for Evidentiary Hearing

On May 11, 2022, Petitioner filed motions for subpoenas for an evidentiary hearing for Pennington County jail records and camera footage as well as for Commander Yantis, Commander Rowen Hurst, Commander Woods, and Commander Greer (Doc. 59); on May 12, 2022, Petitioner filed motions for subpoenas for DCI UNET's command center internet transmissions, vouchers

24

from all attorneys, DEA lab test results regarding purity and street value of methamphetamine, 2012 US Department of Justice Investigation, Jameson Prison release documents (Doc. 60), traffic stop video, the national archives under President Obama, and for South Dakota Highway Patrol Sergeant Miller (Doc. 61); and on May 16, 2022, Petitioner filed a motion for subpoena for former Public Defender Gary Colbath for an evidentiary hearing (Doc. 62).

As to Docket Entry 59, pp. 5-8, Docket Entry 61, p. 3, and Docket Entry 62, and as stated *supra* in response to Petitioner's motions for evidentiary hearings, the Respondent has not filed its answer to the petition and so the court has not determined whether an evidentiary hearing is warranted pursuant to Rule 8. These motions for subpoenas for an evidentiary hearing are premature and accordingly, are denied, without prejudice.

As to Docket Entry 59, pp. 1-4, Docket Entry 60, and Docket Entry 61, pp. 1-2, and as stated *supra* in response to Petitioner's motions for discovery, Petitioner's requests are in violation of Rule 6. Petitioner failed to show how his requests for discovery are necessary as it pertains to his habeas claims. These motions are denied.

## **CONCLUSION**

Based on the foregoing, it is hereby

ORDERED that Docket Entry 1 shall be stricken;

ORDERED that Docket Entry 4 shall be stricken;

ORDERED that Docket Entry 11 shall be stricken;

ORDERED that Docket Entry 12 shall be construed as Petitioner's pending § 2255 habeas petition;

ORDERED that Docket Entry 17 shall be stricken;

ORDERED that Docket Entry 18 is denied;

ORDERED that to the extent Docket Entry 19 seeks recusal of the undersigned Magistrate Judge, it is denied, and to the extent Docket Entry 19 is a supplement to Petitioner's § 2255 habeas petition, it shall be stricken;

ORDERED that Docket Entry 23 is granted;

ORDERED that Docket Entry 27 is denied;

ORDERED that Docket Entry 28 shall be stricken;

ORDERED that Docket Entry 29 is denied;

ORDERED that Docket Entry 30 shall be stricken;

ORDERED that Docket Entry 32 is granted.  Respondent shall respond on the merits to Petitioner's § 2255 habeas petition at Docket Entry 12 on or before thirty (30) days from the date of this Order;

ORDERED that Docket Entry 34 is denied;

ORDERED that Docket Entry 36 shall be stricken;

ORDERED that Docket Entry 37 is denied;

ORDERED that Docket Entry 38 shall be stricken;

ORDERED that Docket Entry 39 is denied;

ORDERED that Docket Entries 40 and 42 are denied;

ORDERED that Docket Entries 43 and 44 are denied;

ORDERED that Docket Entry 45 is granted in part and denied in part.  It is ORDERED that the clerk of court shall provide copies of the transcripts of the pretrial conference (Doc. 1208 in CR. 10-50118) and the unsealed trial transcripts (Docs. 1198, 1199, 1200, 1201, 1202, 1203, 1204, 1205 and 1206 in CR. 10-50118) to Petitioner;

ORDERED that Docket Entry 46 is denied;

ORDERED that Docket Entries 47, 48, 50, 52, 53, 54 and 55 are denied;

ORDERED that Docket Entries 57 and 58 are denied; and

ORDERED that Docket Entries 59, 60, 61 and 62 are denied.

DATED this 8th day of July, 2022.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge